IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET WALLACE | : | CIVIL ACTION |
| | : | |
| v. | : | No.  05-4204 |
| | : | |
| FEDERATED DEPARTMENT | : | |
| STORES, et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**                                                      **April 7, 2008**

Plaintiff Margaret Wallace asks this Court to find she was the victim of employment discrimination.  She also seeks to supplement her pleadings with additional defendants and claims of "attorney fraud."  Defendants oppose the supplementation and seek to strike Wallace's Amended Complaint in its entirety, or alternatively to partially dismiss the same.  Wallace argues she has stated cognizable claims with sufficient facts to support them.  I will deny Wallace's motion to supplement her pleadings, grant Defendants' motion to strike the "attorney fraud" claims, and grant Defendants' motion to partially dismiss the Amended Complaint.  Wallace's 42 U.S.C. § 1981 employment discrimination claim remains.

## FACTS[1]

In January, 2005, as a seasonal employee of a Macy's store, Wallace was issued a discount card.  Wallace also received a Macy's gift card from her daughter around this time.  Wallace made a purchase at Macy's with her discount card and later returned the item, receiving a $1.70 credit to her gift card instead of to her discount card, unbeknownst to her.  After her seasonal employment

---

[1]The Court is required to accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff.  *Angelasto v. Prudential-Bache Sec., Inc.,* 764 F.2d 939, 944 (3d Cir. 1985).

ended, Macy's rehired her in March, 2005 as a non-seasonal employee. On March 31, 2005, Macy's employees confronted Wallace regarding the $1.70 credit. Wallace alleges she was the victim of racial profiling; she was accused of retail theft, interrogated by security staff without representation of counsel, and forced to sign papers under duress. Wallace alleges she was the victim of racial profiling. Wallace sent letters to Macy's personnel requesting the names of the people who had been involved in her interrogation and copies of the papers she had been forced to sign. Wallace received none of the information requested, and was terminated from employment on April 22, 2005.

On August 8, 2005, Wallace sued Defendants. Wallace's Complaint was dismissed upon Defendants' motion. The Court of Appeals affirmed the dismissal of the claims under §§ 1983, 1985, and 1986, but, reasoning Wallace should have been permitted to amend her Complaint as to her § 1981 and Title VII claims, vacated and remanded as to these other claims.

**DISCUSSION**

Wallace seeks to supplement her pleading with additional defendants and claims of "attorney fraud" for an erroneous footnote in Defendants' appellate brief. Considering Plaintiff Margaret Wallace's *pro se* status and the reasonable notice provided Defendants, I will construe Wallace's "Supplemental Pleading - Addition of Defendants" as a properly filed motion to supplement pleadings under Federal Rule of Civil Procedure 15(d).[2]

Within seven days of Wallace noting the error, Defendants acknowledged the error, explained it had been inadvertent, and requested the erroneous footnote be stricken. Appellant's Reply Br. 6, attached to Def.s' Mem. Opp. Supp. Pl.; Response of Defendants-Appellees, attached to Def.'s Mem.

---

[2]Federal Rule of Civil Procedure 15(d) provides: "On motion and reasonable notice, the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented."

Opp. Supp. Pl.  About three months later, with ample time to take note of the error, the Court of Appeals issued its decision.  *See Wallace v. Federated Dep't Stores, Inc.*, 214 Fed. Appx. 142 (3d Cir. 2007).  The error was thus timely corrected and Wallace suffered no harm.

I must deny Wallace's motion because she fails to make out a claim upon which relief can be granted and the supplemental pleading would not withstand a motion to dismiss.  Proof of fraud upon the court requires "(1) an intentional fraud; (2) by an officer of the court; (3) which is directed at the court itself; and (4) in fact deceives the court."  *Herring v. United States*, 424 F.3d 384 (3d Cir. 2005).  Wallace cannot show the fraud was intentional nor that it in fact deceived the court because Defendants demonstrated the error was inadvertent, timely made the correction, and the court was not deceived.  As such, the claim would not survive a motion to dismiss.  Additionally, I may properly deny a motion to supplement where the supplementation would not survive a motion to dismiss.  *See Centifanti v. Nix*, 865 F.2d 1422, 1431 (3d Cir. 1989) (citing *Massarsky v. General Motors Corp.*, 706 F.2d 111, 125 (3d Cir.), *cert. denied,* 464 U.S. 937 (1983) (recognizing district court may properly deny motion to amend where amendment would not withstand a motion to dismiss).

Defendants move to strike Wallace's Amended Complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(f).  Under Rule 12(f), I may strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter."  Because I deny Wallace's motion to supplement her pleading with claims of "attorney fraud," I grant Defendants' 12(f) motion to strike Wallace's claims brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1986, and the Fourth and Fourteenth Amendments based on allegations of "attorney fraud."

Although Wallace's claims brought under the Fourth and Fourteenth Amendments based on

allegations of employment discrimination are subject to being stricken under Rule 12(f), I will not strike these claims under that rule's standard.  *See, e.g.*, *U.F.C.W. Local 56 Health and Welfare Fund, et al. v. J.D.'s Market*, 240 F.R.D. 149 (D.N.J. 2007) (striking claims under Rule 12(f) because plaintiff did not seek or obtain leave to amend complaint in the manner amended); *Readmond v. Matsushita*, 355 F. Supp. 1073, 1080 (E.D. Pa. 1972) (striking new allegations added without leave of court pursuant to Rule 12(f)).  Wallace never requested leave to amend her pleading to pursue any claims other than § 1981 and Title VII claims.  The claims also far exceed the scope of my November 27, 2007 order permitting Wallace to amend her complaint to plead properly her claims for 42 U.S.C. § 1981 and Title VII relief.  Nevertheless, liberally construing Wallace's *pro se* filings, I will not strike these claims.

I also deny Defendants' motion to strike Wallace's §§ 1981 and 1981a claims under Rule 12(f) because Defendants have not shown these claims are "redundant, immaterial, impertinent, or scandalous."  Fed. R. Civ. Proc. 12(f).

In the alternative, Defendants seek to partially dismiss Wallace's Amended Complaint.  Specifically, Defendants seek dismissal of Wallace's § 1981a claim, her Fourth and Fourteenth Amendment claims in relation to her employment discrimination allegations, and her "attorney fraud" claims for failure to state a claim upon which relief can be granted.  Defendants do not seek dismissal of Wallace's § 1981 employment discrimination claim.  In addition to dismissing the claims sought to be dismissed, in the event it may be construed she is pursuing it, I also dismiss Wallace's Title VII claim.

A 12(b)(6) motion to dismiss admits the complaint's well-pleaded allegations, but denies their legal sufficiency.  *Hospital Building Co. v. Trustees of the Rex Hospital*, 425 U.S. 738, 740

(1976); *T.R. Ashe, Inc. v. Bolus,* 34 F. Supp. 2d 272, 274-75 (M.D. Pa. 1999). The court must accept the complaint's factual allegations as true, as well as all its reasonable inferences. *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996). "But a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss. *Morse v. Lower Merion School Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation,* 114 F.3d 1410, 1429-30 (3d Cir.1997)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 287 (5th Cir. 1993). A case should not be dismissed unless it can be said "with assurance that under the allegations of the *pro se* complaint, which [is held] to less stringent standards than formal pleadings drafted by lawyers, it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." *McDowell v. Delaware State Police*, 88 F.3d 188, 189 (3d Cir. 1996) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

Wallace recognizes she was granted leave to pursue a Title VII claim, but she rightly does not pursue it, conceding the claim "may be inapplicable" due to the "absence of prior [Equal Employment Opportunity Commission] EEOC administrative action." Pl. Compl. 4. In the event it can somehow be construed Wallace is pursuing this claim, I dismiss it under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Wallace cannot bring this claim in federal court because she never filed a charge with the EEOC. *See Antol v. Perry*, 82 F.3d 1291, 1295-96 (3d Cir. 1996). To bring an action in federal court, Wallace must have filed a timely EEOC charge. *See Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997). Title VII requires Wallace to have filed a charge of discrimination with the EEOC within 300 days of the alleged discriminatory act or

5

violation.  42 U.S.C. § 2000e-5(e).  The last day Wallace could possibly have been entitled to file her claim with the EEOC would have been February 16, 2006, 300 days after the day she was terminated from employment on April 22, 2005.  She is now time-barred from filing a charge with the EEOC and, never having done so, she is barred from bringing her claim in this Court.  In an abundance of caution, therefore, I dismiss Wallace's Title VII claim for failure to state a claim upon which relief can be granted under Rule 12(b)(6).

Section 1981a is a statutory provision only for additional recovery of damages in Title VII cases and does not confer any independent cause of action.  *Pollard v. Wawa Food Market*, 366 F. Supp. 2d 247, 251-52 (E.D. Pa. 2005) (citing cases).  Without a Title VII claim, there can be no § 1981a recovery.  Wallace's § 1981a claim, thus, is also dismissed under Rule 12(b)(6).

Wallace alleges Macy's security staff "interrogated [her] without advising her of her Rights, forced her to sign papers under duress, and her employment was terminated under color of law by Macy's management" violating her Fourth and Fourteenth Amendment rights.  Pl.'s Br. 8.  Wallace, however, cannot properly plead a violation of the Fourth and Fourteenth Amendments because the Amendments do not apply to private entities.  *See Skinner v. Railway Labor Executives' Ass'n*, 489 U.S. 602, 613 (1989); *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948).  State action is required for Wallace to bring these claims, and it is the law of the case none of the Defendants acted under color of state law or as agents of the state in any fashion.  *See Hamilton v. Levy*, 322 F.3d 776, 786-87 (3d Cir. 2003).  This Court ruled Wallace could not show any of the Defendants acted under color of state law or in concert with a state actor, and the Court of Appeals affirmed this part of the decision.  *See Wallace v. Federated Dept. Stores, Inc.*, 2006 WL 1620176 (E.D. Pa. June 7, 2006), *aff'd in part*, *vacated in part*, 214 Fed. Appx. 142 (3d Cir. 2007).  Wallace can prove no set of facts in

6

support of her claim which would entitle her to relief, and her claims must be dismissed. *McDowell*, 88 F.3d at 189.

      Defendants' motion as to Wallace's "attorney fraud" claims is denied as moot because these claims have been stricken under Rule 12(f).

      An appropriate Order follows.