IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARGARET WALLACE | : | CIVIL ACTION |
| v. | : | No.   05-4204 |
| FEDERATED DEPARTMENT STORES, et al. | : | |

## MEMORANDUM AND ORDER

**Juan R. Sánchez, J.**

**February 19, 2009**

Federated Department Stores, Inc. asks this Court to find there is no evidence Macy's termination of Margaret Wallace's employment was the result of discrimination.  Wallace argues Macy's employees discriminated against her in violation of 42 U.S.C. § 1981.  Wallace asserts the evidence supports a finding she was the victim of employment discrimination by Macy's employees. I agree with Federated and will grant summary judgment as to all Defendants.

**FACTS[1]**

In January 2005, as a seasonal employee of a Macy's store, Wallace was issued an employee discount card.  Wallace also received a Macy's gift card from her daughter around this time. Wallace made a purchase at Macy's with her discount card, receiving an employee discount on the item, and later returned the item.  Unbeknownst to Wallace, the sales clerk processed the return at its full price and credited the full price to Wallace's gift card instead of crediting the discounted price to Wallace's discount card.  Wallace received a credit of $1.70 more than she had paid.  After her seasonal employment ended, Macy's rehired Wallace in March 2005 as a non-seasonal employee.

---

[1]The Court is required to accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelasto v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985).

On March 31, 2005, Macy's employees confronted Wallace regarding the $1.70 credit. Wallace alleges she was the victim of racial profiling; she was accused of retail theft, interrogated by security staff without representation of counsel, and forced to sign papers under duress. Wallace sent letters to Macy's personnel requesting the names of the people who had been involved in her interrogation and copies of the papers she had been forced to sign. Wallace received none of the information requested, and her employment was terminated on April 22, 2005.

On August 8, 2005, Wallace brought this action. Wallace's Complaint was dismissed upon Defendants' motion. The Third Circuit affirmed the dismissal of Wallace's §§ 1983, 1985, and 1986 claims. The Third Circuit vacated dismissal and remanded her § 1981 and Title VII claims, reasoning Wallace should have been permitted to amend her Complaint to add and properly plead those claims.[2]

Wallace filed an Amended Complaint in this Court adding new defendants, but failed to plead any claims under § 1981 or Title VII. On November 27, 2007, the Court ordered Wallace to amend her Complaint to plead her claims for § 1981 and Title VII relief. Wallace subsequently sought to amend her Complaint with a § 1981 claim, claims of "attorney fraud," and additional defendants. Wallace chose not to pursue a Title VII claim, recognizing she had not filed a timely Equal Employment Opportunity Commission charge. On April 7, 2008, the Court dismissed all of Wallace's claims except her § 1981 employment discrimination claim. Defendants now move for summary judgment on Wallace's remaining claim.

---

[2]The Third Circuit denied Wallace's petition for rehearing *en banc* as to her §§ 1983, 1985, and 1986 claims, and issued a mandate returning the case to this Court. On August 1, 2007, Wallace filed a petition for a writ of certiorari with the Supreme Court of the United States, and her case in this Court was placed in suspense. On October 1, 2007, the Supreme Court denied Wallace's petition for a writ of certiorari.

**DISCUSSION**

Summary judgment may be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).  In making this determination, "a court must view the facts in the light most favorable to the nonmoving party and draw all inferences in that party's favor." *Armbruster v. Unisys Corp.*, 32 F.3d 768, 777 (3d Cir. 1994).  This standard is applied with added rigor in employment discrimination cases, where intent and credibility are critical issues. *Stewart v. Rutgers*, 120 F.3d 426, 431 (3d Cir. 1997).

The Third Circuit has adopted the burden-shifting analysis of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), for race discrimination cases brought under a pretext theory.  Under *McDonnell Douglas*, a plaintiff must establish the following by a preponderance of the evidence: (1) she belongs to the protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; and (4) either similarly situated non-members of the protected class were treated more favorably or the adverse job action occurred under circumstances that gave rise to an inference of discrimination. *McDonnell Douglas*, 411 U.S. at 802; *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 352 (3d Cir. 1999); *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797-98 (3d Cir. 2003).  This test "remains flexible and must be tailored to fit the specific context in which it is applied." *Sarullo*, 352 F.3d at 798 (citing *Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996)).  The central inquiry always remains whether the employer has treated "some people less favorably than others because of their race, color, religion, sex, or national origin." *Pivirotto*, 191 F.3d at 352 (citing *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 335 n. 15 (1977)).

3

Once a plaintiff has satisfied the prima facie standard, the burden shifts to the defendant to articulate a "legitimate nondiscriminatory" reason for the adverse employment decision. *McDonnell Douglas*, 411 U.S. at 802. Should the defendant successfully carry its burden, the plaintiff then "has the opportunity to demonstrate [by a preponderance of the evidence] that the employer's stated reasons were not its true reasons but were a pretext for discrimination." *Sempier*, 45 F.3d at 728.

To defeat a summary judgment motion and show pretext, a plaintiff must discredit the proffered reasons for the adverse employment action, directly or circumstantially; or adduce evidence to show discrimination was more likely than not a motivating or determinative cause of the adverse action. *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir.1994); *see also Keller v. Orix Credit Alliance*, 130 F. 3d 1101, 1108 (3d Cir. 1997). Wallace must "present evidence contradicting the core facts put forward by the employer as the legitimate reason for its decision." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005). She must rebut each of the employer's reasons for the adverse action sufficiently for a fact-finder to reasonably infer the reasons were pretextual. *Fuentes*, 32 F.3d at 764. If the proffered evidence casts "substantial doubt" on several, but not all, of the defendant's proffered reasons, the case may survive summary judgment because a fact-finder could reasonably doubt the defendant's credibility. *Id.* n. 7. The plaintiff, however, cannot simply show the defendant's decision was wrong, unwise, or not "shrewd, prudent, or competent." *Id.* at 765. Rather, she must point to implausibilities, inconsistencies, or weaknesses in the defendant's stated reasons in order to show a reasonable possibility that discriminatory animus motivated the employer. *Id.*

Wallace fails to establish a prima facie case of employment discrimination. Wallace describes herself as "'non-white,' having been born and brought up in Africa," and alleges she was wrongfully terminated from employment at Macy's. Wallace's claim fails, however, because she

4

is unable to establish by a preponderance of the evidence that either similarly-situated non-members of the protected class were treated more favorably or her termination occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802.

The evidence Wallace presents is her belief the adverse treatment she experienced only occurred because she was not white, that no reason other than racial profiling exists for how she was treated by Macy's employees, and that a white person would not have been treated the way she was treated. At Wallace's deposition, when questioned as to what information supported her claim her termination was motivated by race, Wallace repeatedly responded, with no supporting information, it was her belief her termination must have been the result racial profiling.[3] Wallace's Complaint

---

[3]When asked at different times in her deposition what made Wallace believe the events related to her termination were due to her race or racial profiling, or what other information supported her claim she was racially profiled, Wallace's responses were speculative and conclusory, as the following exchanges demonstrate:

Q. And what information do you have that supports your claim that your termination was motivated by your race?
A. They violate my right from the beginning and it has to be that it was racial profiling. What else could it be if something like this happened that I didn't even do that I don't even understand even how it happened . . .
Q. What makes you believe that it was racial profiling?
A. Because why would they pick me up for something I didn't do? Why was there reason of doing that to me? What was their reason of doing it to me?

Wallace Dep. 83-84.

Q. So just to be clear . . . the information that you have that you are basing your claim that you were racially profiled is that you don't see any other reason for it because it's something that you didn't do and that also you talked to your husband and he told you that your rights were violated –
A. Yes.
Q. – is that correct?
A. Yes.
Q. Is there any other information other than those two items that you have that supports your claim that you were racially profiled?

5

also speculates: "The Plaintiff does not know if she was 'racially profiled' or 'profiled' in any other way by Macy's security staff. It is quite obvious though that her Rights were violated over $1.70 that she was in no way responsible for 'stealing[,]' and this caused the unlawful termination of her employment under color of law." Compl. 12. Wallace identifies no similarly situated white person who was treated more favorably. Nor does Wallace present any evidence, other than her own conjectures, to support her claim that her questioning by Macy's employees and eventual termination was motivated by racial discrimination. Wallace's belief she was racially profiled is insufficient to establish by a preponderance of the evidence that either similarly situated non-members of the protected class were treated more favorably or her termination occurred under circumstances giving rise to an inference of discrimination. *See McDonnell Douglas*, 411 U.S. at 802. Viewing the facts in the light most favorable to Wallace and drawing all inferences in her favor, Wallace has not met her prima facie burden under *McDonnell*.

---

A.    I didn't see any reason for this interrogation. I didn't see any reason that I have to sit there and be questioned many time about it and frustrate me and confuse me about the whole thing. I didn't see any, anything for something that I didn't do. . . .

Q.    And explain to me why you believe that that supports your claim for race discrimination.

A.    They wouldn't do that to a white person.

Q.    What wouldn't they do to a white person?

A.    I don't think they will do that.

Q.    Do what?

A.    They won't accuse them for something that they didn't do. They wouldn't accuse them.

Q.    So it's just your belief that they wouldn't do it to a white person, that's what supports your claim for race discrimination?

A.    That's what I believe they did. And I talked to my husband, he said that's what, that's what it is.

Wallace Dep. 92, 95.

6

Even if Wallace could meet her prima facie burden, she cannot survive summary judgment because she cannot demonstrate Defendants' stated reasons for the adverse employment action were a pretext for discrimination. *See Sempier*, 45 F.3d at 728. Defendant successfully articulates a "legitimate nondiscriminatory" reason for the adverse employment action. *See McDonnell Douglas*, 411 U.S. at 802. Defendant states Macy's policy mandates when an employee returns an item purchased with the employee discount card, the return must be credited to the employee discount card to ensure the employee does not receive the non-discounted, full price when returning an item purchased with the employee discount. Macy's policy also provides that any violation of a rule governing employee discounts is grounds for immediate termination. On March 31, 2005, Macy's security staff interviewed Wallace because of Wallace's return of a discounted item to a gift card and not to her employee discount card. Wallace signed a voluntary statement during her interview, stating she had purchased a sweater at a 20% discount with her employee discount card and had returned the sweater to a gift card. In the statement, Wallace affirmed she was aware she improperly used her discount privilege and violated Macy's discount policy. Wallace was then suspended pending an investigation of the incident. Following the investigation, Wallace was informed Macy's had decided to terminate her employment because Wallace violated Macy's discount policy by returning merchandise purchased with the Macy's employee card to an electronic gift card.

Wallace provides no evidence to discredit Defendants' proffered reason that Wallace was questioned and later terminated for the misuse of her employee discount. *See Fuentes*, 32 F.3d at 764. Wallace also presents no evidence showing discrimination was more likely than not a motivating or determinative cause of her interrogation and termination. *Id.* Wallace simply argues Defendants were wrong and provides nothing but conclusory statements and conjecture that

7

Defendants must have been motivated by racial discrimination because nothing else could explain the adverse action. This is insufficient for a fact-finder reasonably to infer Defendants' reasons were pretextual. *See id.* at 765 (explaining plaintiff cannot simply show the defendant's decision was wrong to cast "substantial doubt" on defendant's proffered reasons for an adverse employment action). Wallace's claim fails and Defendants are entitled to summary judgment.

An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARGARET WALLACE          :      CIVIL ACTION
                            :
       v.                   :      No.   05-4204
                            :
FEDERATED DEPARTMENT        :
    STORES, et al.                :
                            :

## ORDER

AND NOW, this 19th day of February, 2009, Defendants' Motion for Summary Judgment

(Document 105) is GRANTED.

Judgment is entered in favor of all Defendants and against Plaintiff Margaret Wallace.

The Clerk is directed to CLOSE the above-captioned case for statistical purposes.


BY THE COURT:

Juan R. Sanchez, J.